IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

E.V.R., minor, by and through her     *
Parents and Next Friends,
Erica Miles-Rosado and Luis Rosado
803 Bistate Blvd.     *
Delmar, Maryland 21875

and     *

ERICA MILES-ROSADO, Individually
803 Bistate Blvd.     *
Delmar, Maryland 21875

and     *

LUIS ROSADO, Individually
803 Bistate Blvd.     *
Delmar, Maryland 21875

    Plaintiffs,     *

v.
    *    Case No.: _____
UNITED STATES OF AMERICA

    <u>Serve On:</u>     *
    Rod J. Rosenstein
    36 S. Charles Street
    Baltimore, Maryland 21202     *

and
    *
PENINSULA REGIONAL MEDICAL
CENTER
100 E. Carroll Street     *
Salisbury, Maryland 21801

    <u>Serve On:</u>     *
    Daniel J. Mulvanny
    Peninsula Regional Medical Center
        100 E. Carroll Street     *
    Salisbury, Maryland 21801

and     *

1

| | |
|---|---|
| PENINSULA REGIONAL HEALTH SYSTEM, INC.<br>100 E. Carroll Street<br>Salisbury, Maryland 21801 | * <br><br> * |
| <u>Serve On:</u><br>Daniel J. Mulvanny<br>Peninsula Regional Medical Center<br>100 E. Carroll Street<br>Salisbury, Maryland 21801 | * <br><br><br> * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND JURY DEMAND

COME NOW the Plaintiffs, E.V.R., a minor, by and through her parents and next friends Erica Miles-Rosado and Luis Rosado, Erica Miles-Rosado, individually and Luis Rosado individually (collectively "Plaintiffs"), by and through their undersigned counsel, William H. Murphy, Jr., Mary McNamara Koch, Diana K. Hobbs, Pamela J. Diedrich, and Murphy, Falcon & Murphy, P.A., and hereby sue and bring the following medical negligence claims against the United States of America, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., and for their causes of action state as follows:

### INTRODUCTION

1. This is an action against multiple Defendants, including Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff E.V.R. by Three Lower Counties Community Services, Inc. ("TLC"), a federally funded health care provider, Michele Urban, M.D., and Kelli Luttrell, D.O. At all relevant times, Dr. Urban and Dr. Luttrell were acting individually and/or by and as actual and/or apparent agents, representatives or employees of TLC.

2

2. The claims herein are brought against Defendant United States of America pursuant to the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by Defendant United States of America's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *See* Standard Form 95 attached as **Exhibit 1** (without attachments).

4. This suit has been timely filed in that Plaintiffs timely served notice of their claim on all Defendants, including the United States of America, less than two years after the incident forming the basis of this suit.

5. Plaintiffs are now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Health & Human Services' November 5, 2014 notice of denial of the administrative tort claim. *See* **Exhibit 2**.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiffs Erica Miles-Rosado and Luis Rosado are the parents of E.V.R., a minor. Accordingly, E.V.R. brings this lawsuit by and through her parents Erica Miles-Rosado and Luis Rosado. E.V.R. and her parents are residents of Wicomico County, Maryland.

7. At all times relevant hereto, Plaintiffs Erica Miles-Rosado and Luis Rosado were residents of Wicomico County, Maryland. They reside as husband and wife at 803 Bistate Blvd., Delmar, Maryland.

8. At all times relevant hereto, Defendant Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., (collectively "PRMC") have been corporations organized in the State of Maryland involved in the operation of a hospital holding themselves out

to the public as offering quality health care delivered by competent and qualified health care professionals.

9. At all times relevant hereto, PRMC operated a specialized Labor and Delivery Department which was held open to the general public. Defendant PRMC afforded usage time and staffing support by and through its actual and/or apparent agents, representatives or employees to Michele Urban, M.D. and Kelli Luttrell, D.O. and other physicians practicing obstetrics who held staff privileges.

10. At all times relevant hereto, PRMC was acting individually and/or by and through actual and/or apparent agents, representatives or employees, including but not limited to, Michele Urban, M.D.; Kelli Luttrell, D.O.; G. Boyle, R.N.; P. Rector, R.N.; and M. Sansone, R.N. As such, PRMC is vicariously liable for the actions of it actual and/or apparent agents, representatives or employees, including but not limited to: Michele Urban, M.D.; Kelli Luttrell, D.O.; G. Boyle, R.N.; P. Rector, R.N.; and M. Sansone, R.N.

11. Defendant United States of America operated Three Lower Counties Community Services, Inc. ("TLC") located at 12145 Elm Street, Princess Anne, Maryland 21853. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents and staff at TLC, including Michele Urban, M.D. and Kelli Luttrell, D.O., are hereinafter collectively referred to as "TLC Defendants" or "United States of America."

12. At all times relevant hereto, TLC was a corporation organized in the State of Maryland to provide health care services, including obstetric and gynecologic care, to residents of the Eastern Shore of Maryland. TLC held itself out to the public as offering quality health care through competent and qualified health care providers.

13.     At all times relevant hereto, TLC was acting individually and/or by and through actual and/or apparent agents, representatives or employees including but not limited to Michele Urban, M.D. and Kelli Luttrell, D.O.  As such TLC, is vicariously liable for the actions of its actual and/or apparent agents, representatives or employees, including but not limited to: Michele Urban, M.D. and Kelli Luttrell, D.O.

14.     At all times relevant hereto, Michele Urban, M.D. was a resident and citizen of the State of Maryland and regularly conducted her practice in Wicomico County, Maryland.  As part of her medical practice Dr. Urban held herself out to the Plaintiffs, and the general public, as being experienced in the area of obstetrics and gynecology and possessing the degree of skill and knowledge ordinarily possessed by those who devote their practice to obstetrics and gynecology.  As such, Dr. Urban owed a duty to the Plaintiffs to render that degree of care and treatment ordinarily rendered by a physician specializing in obstetrics and gynecology.

15.     At all times relevant hereto, Kelli Luttrell, D.O. was a resident and citizen of the State of Maryland and regularly conducted her practice in Wicomico County, Maryland.  As part of her medical practice Dr. Luttrell held herself out to the Plaintiffs, and the general public, as being experienced in the area of obstetrics and gynecology and possessing the degree of skill and knowledge ordinarily possessed by those who devote their practice to obstetrics and gynecology.  As such, Dr. Luttrell owed a duty to the Plaintiffs to render that degree of care and treatment ordinarily rendered by a physician specializing in obstetrics and gynecology.

16.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents and staff of TLC and PRMC were employed and/or acting on behalf of TLC and/or PRMC.  Defendants are responsible for the negligent acts of their employees and agents under respondeat superior.

17.     This medical negligence claim is instituted pursuant to Md. Cts. & Jud. Proc. Art. 3-2A-01 through 3-2A-10, for the recovery of damages in excess of Thirty Thousand Dollars ($30,000.00). The claim was initially filed in the Maryland Health Care Alternative Dispute Resolution Office along with Certificates of Qualified Experts and Reports, *see* **Exhibits 3 and 4**, and an Order of Transfer was issued.

18.     Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

19.     Venue is proper in the United States District Court for the District of Maryland under 28 U.S.C. § 1402(b) in that all or a substantial part of the acts and omissions forming the basis of these claims occurred in the Northern District of Maryland.

## FACTS COMMON TO ALL COUNTS

20.     In the summer of 2012, Erica Miles Rosado, then 32 years old, became pregnant with her third child. In an effort to assure a healthy outcome for her unborn child, Mrs. Rosado presented to TLC to receive pre-natal care.

21.     During her pregnancy, Ms. Miles did everything she could to ensure a healthy outcome for her unborn child; she did not drink alcohol; she did not take medications other than those prescribed by her physicians; and she was not exposed to any toxic substances. She routinely received prenatal care from the Health Care Providers at TLC, including its staff/agents/employees. Mrs. Rosado came for each scheduled and/or requested prenatal visit and completed each antenatal test that was ordered by her physicians.

22.     At the time of Mrs. Rosado's first pre-natal visit, she weighed 164 pounds, the baby was 13 weeks and 1 day gestation, and there were no problems noted. Mrs. Rosado was given the estimated date of confinement (due date) as December 6, 2012.

23. An ultrasound done on July 10, 2012, at 18 weeks 3 days gestation, indicated that the nucal fold was reading at the top normal level and a detailed anatomy scan was ordered "given the indeterminate findings." On July 24, 2012, Mrs. Rosado presented to the Center for Maternal Fetal Medicine for a high risk ultrasound. At that time the baby was 20 weeks and 5 days gestation. The testing evidence normal nucal folds and Ms. Miles was assured that the baby was fine and no further high risk testing was required.

24. A non-stress test done on December 12, 2012, was reactive indicating reassuring fetal status. At that time she was 6 day past her due date. The remainder of the pregnancy was uneventful.

25. On December 16, 2012, at 6:10 p.m., and gestational age of 41 weeks 3 days, Ms. Miles was admitted to Peninsula Regional Medical Center for post-dates induction (10 days past the 40 weeks gestational period). At 6:25 p.m. Cervidil (a drug to soften the cervix) was administered.

26. Beginning in the early morning hours of December 17, 2012, the fetal heart monitor evidenced signs non-reassuring fetal well-being, including poor fetal heart variability with recurrent late decelerations.

27. Despite the contraindication to the administration of Pitocin and the non-reassuring fetal status, on the morning of December 17, 2012, at or about 6:49 a.m., Pitocin (a drug used to cause and/or strengthen uterine contractions) was started causing further fetal distress.

28. The fetal heart monitor continued to evidence non-reassuring fetal well-being. At or about 9:03 a.m., the fetal heart became difficult to trace. In an attempt to regain the fetal heart

tracing several attempts were made to place an electrode on the baby's scalp. This procedure would have allowed an accurate fetal heart reading, but the attempts were unsuccessful.

29. Still unable to get a fetal heart tracing, at or about 9:14 a.m., a bedside sonogram was performed. Once located the fetal heart rate was determined to be 40-50 beats per minute. A normal fetal heart rate is considered to be 120-160. At that time Mrs. Rosado was taken to the operating room to have an emergent cesarean section performed.

30. At or about 9:25 a.m., on the morning of December 17, 2012, E.V.R. was delivered with no heart rate, no respiration, no muscle tone, no reflexes and her color was noted as blue. Once delivered E.V.R. was resuscitated and intubated in the delivery room before being moved to the NICU.

31. Within the first hour of life E.V.R. began to suffer seizures and at 10:20 a.m. the physicians in the NICU at Peninsula Regional Medical Center contacted Johns Hopkins Hospital ("JHH") requesting that E.V.R. be transported there for hypothermia management.[1]

32. The JHH admission note written at 4:07 p.m., on December 17, 2012, noted that E.V.R. was admitted for hypothermia protocol after suspected seizures and concern for hypoxic ischemic encephalopathy.[2]

33. An electroencephalogram ("EEG") done the day of admission and subsequent EEGs showed a markedly abnormal reading indicating a severe global cerebral injury.

34. E.V.R. remained in the JHH NICU from the day of her birth, December 17, 2012, until January 18, 2013, when she was released to be taken home. She left the hospital with a

---

[1] Treatment with hypothermia improves survival and outcome at 18 months after neonatal asphyxia and/or neonatal encephalopathy. www.uptodate.com/contents/clinical-features-diagnosis-and-treatment-of-neonatal-encephalopathy, June 17, 2013
[2] Hypoxic-ischemic encephalopathy: Damage to cells in the central nervous system (the brain and spinal cord) from inadequate oxygen. www.medicinenet.com, August 5, 2013

gastrostomy tube in place for feeding and an apnea monitor that would alert her parents should she stop breathing.

35.     Today, E.V.R. suffers from a severe, unrelenting, and incurable brain injury resulting in neurologic signs and symptoms of asphyxia and hypoxic ischemic encephalopathy. E.V.R.'s neurological problems and conditions would have been prevented if the Defendants had complied with the standard of care and taken action to ensure the delivery of E.V.R. through a timely cesarean, as was indicated when fetal monitoring showed a non-reassuring fetal status.

36.     E.V.R. continues to suffer profound developmental delay, microcephaly, intractable seizures, and endures the inability to swallow making it necessary to be fed through a tube placed into her stomach.  As a result of the Defendants' negligence, E.V.R. has suffered significant, conscious physical pain and emotional distress and has been forced to undergo multiple painful diagnostic tests, procedures, and surgeries, and has been subjected to prolonged hospitalizations.  For the rest of her life E.V.R. will require 24-hour care, will never have the opportunity to enjoy a normal life, will continue to suffer unnecessary and conscious pain, and will be forced to undergo painful therapy, medical procedures, and/or surgeries and other medical care and treatment.

37.     As a further consequence of the Defendants' negligence, Erica Miles-Rosado and Luis Rosado were unable to work because they stayed at the hospital with Baby and also continued to care for their other two children.  Additionally, they incurred expenses for medical care and treatment and for transportation to and from Baltimore.  They also suffered from loss of enjoyment of life and severe mental anguish.

## COUNT I
### (Medical Negligence Against All Defendants)

Plaintiffs, E.V.R., a Minor, by her parents and Next Friend Erica Miles-Rosado and Luis Rosado, and Erica Miles-Rosado and Luis Rosado, individually, hereby sue the United States of America, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., and for the cause of action state:

38. Plaintiffs incorporate all of the allegations contained in the previous and following paragraphs as if those allegations are set forth in this Count.

39. Defendants and their actual and/or apparent agents, servants, and/or employees, including Three Lower Counties Community Services, Inc., Michele M. Urban, M.D. and Kelli Luttrell, D.O., G. Boyle, R.N., P. Rector, R.N. and M. Sansone, R.N., owed Plaintiffs a duty to exercise reasonable care in the care and treatment of E.V.R.

40. Defendants, individually and/or through their actual and/or apparent agents, servants, and/or employees, including Three Lower Counties Community Services, Inc., Michele M. Urban, M.D. and Kelli Luttrell, D.O., G. Boyle, R.N., P. Rector, R.N. and M. Sansone, R.N., breached the above-described duty of care, thereby deviating from the applicable standards of care, and were otherwise negligent, careless, and reckless in that they, among other things:

    a. failed to exercise reasonable care and diligence in the application of their knowledge, skill, care, and ability in their treatment and evaluation of Erica Miles-Rosado and her unborn baby during the labor and delivery;

    b. failed to exercise their best medical judgment in their care and treatment of Erica Miles-Rosado and her unborn baby during the labor and delivery;

c. failed to comply with the applicable standards of care for obstetrical physicians with same or similar training practicing in antenatal and labor and delivery departments;

d. failed to comply with the applicable standards of care for health care providers, practicing in obstetrics (including antenatal and labor and delivery departments), with same or similar training;

e. failed to appropriately monitor the condition of Erica Miles Rosado and her unborn baby;

f. failed to appropriately interpret the fetal monitor;

g. failed to properly monitor, direct, and manage the care and treatment rendered by Defendants' nurses and other employees;

h. failed to accurately interpret fetal heart tracings and to appropriately and timely respond to the non-reassuring fetal heart tracings;

i. failed to order an emergency cesarean section in a timely manner; and

j. other negligence as may be shown during discovery and at trial.

41. As a direct and proximate result of the above-described deviations from the applicable standards of care and breaches of duty by the Defendants and/or their actual and/or apparent agents, servants, and/or employees, E.V.R. sustained a severe and permanent brain injury. In addition to and as a result of the brain injury caused by the Defendants' negligence, E.V.R. suffers profound developmental delays, intractable seizures, is microcephalic, is unable to

speak, is fed through a feeding tube, and is and will be totally dependent on others for all activities of daily living for the remainder of her life.

42. Additionally, E.V.R. has already suffered unnecessary conscious physical pain and emotional distress and has been forced to undergo multiple painful diagnostic tests and procedures, and has been subjected to prolonged hospitalizations. For the rest of her life, E.V.R. will require 24-hour care, will never have the opportunity to enjoy a normal life, will continue to suffer unnecessary and conscious pain, and will be forced to undergo painful therapy, medical procedures, and/or surgeries and other medical care and treatment.

43. As a direct and proximate result of Defendants' negligent actions, Plaintiffs Erica Miles-Rosado and Luis Rosado, individually and as E.V.R.'s parents, missed time from work, incurred medical treatment and associated expenses for their daughter, endured emotional pain and suffering because of their daughter's severe physical injuries, and suffered from the loss of enjoyment of life and severe mental anguish.

44. Had the Defendants followed the appropriate and applicable standards of care, Plaintiffs would not have suffered the injuries and damages described herein.

45. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of the Defendants. Plaintiffs in no way contributed to the negligence but relied upon the expertise of Defendants and their actual and/or apparent agents, servants, or employees for E.V.R.'s safe delivery, care, and treatment.

46. The acts and/or omissions set forth above would constitute a claim under the law of the State of Maryland.

47. Defendants are liable pursuant to 28 U.S.C. § 1346(b)(1).

WHEREFORE, Plaintiffs demand judgment against Defendants United States of America, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, for damages in excess of Thirty Thousand Dollars ($30,000.00) in compensatory damages, plus attorneys' fees, interest, and costs.

## COUNT II
### (Vicarious Liability, Respondeat Superior, Ostensible Agency and/or Agency Against All Defendants)

Plaintiffs, E.V.R., a Minor, by her parents and Next Friend Erica Miles-Rosado and Luis Rosado, and Erica Miles-Rosado and Luis Rosado, individually, hereby sue the United States of America, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., and for the cause of action state:

48. Plaintiffs incorporate all of the allegations contained in the previous and following paragraphs as if those allegations are set forth in this Count.

49. At all times relevant herein, all staff at PRMC, including but not limited to, physicians, fellows, residents, certified nurse practitioners, nurses, clerical staff, any and all antenatal and labor and delivery room staff, and office staff who directly or indirectly assisted with the care and/or treatment of Erica Miles-Rosado and/or the minor child, E.V.R., acted as actual and/or apparent agents, servants, and/or employees of PRMC and were acting within the course and scope of their employment. These individuals include, but are not limited to Michele Urban, M.D., Kelli Luttrell, D.O., G. Boyle, R.N., P. Rector, R.N., and M. Sansone, R.N. At all relevant times to this Complaint, these actual and/or apparent agents, employees and/or servants acted within the scope of their respective capacities and scopes of employment for Defendant. Consequently, Defendant PRMC is responsible for the negligent acts of its actual and/or apparent agents under the Doctrine of Respondeat Superior.

50. At all times relevant herein, all staff at TLC, including but not limited to, physicians, fellows, residents, certified nurse practitioners, nurses, clerical staff, any and all antenatal and labor and delivery room staff, and office staff who directly or indirectly assisted with the care and/or treatment of Erica Miles-Rosado and/or the minor child, E.V.R., acted as actual and/or apparent agents, servants, and/or employees of TLC and were acting within the course and scope of their employment. These individuals include, but are not limited to Michele Urban, M.D. and Kelli Luttrell, D.O. At all relevant times to this Complaint, these actual and/or apparent agents, employees and/or servants acted within the scope of their respective capacities and scopes of employment for Defendant. Consequently, Defendant TLC is responsible for the negligent acts of its actual and/or apparent agents under the Doctrine of Respondeat Superior.

51. As a direct and proximate result of Defendants' negligent actions, including acts of omission and acts of commission, Plaintiffs Erica Miles-Rosado and Luis Rosado, individually and as E.V.R.'s parents, missed time from work, incurred medical treatment and associated expenses for their daughter, endured emotional pain and suffering because of their daughter's severe physical injuries, and suffered from the loss of enjoyment of life and severe mental anguish.

52. Had the Defendants followed the appropriate and applicable standards of care, Plaintiffs would not have suffered the injuries and damages described herein.

53. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of the Defendants. Plaintiffs in no way contributed to the negligence but relied upon the expertise of Defendants and their actual and/or apparent agents, servants, or employees for E.V.R.'s safe delivery, care, and treatment.

54. The acts and/or omissions set forth above would constitute a claim under the law of the State of Maryland.

55. Defendants are liable pursuant to 28 U.S.C. § 1346(b)(1).

WHEREFORE, Plaintiffs demand judgment against Defendants United States of America, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, for damages in excess of Thirty Thousand Dollars ($30,000.00) in compensatory damages, plus attorneys' fees, interest, and costs.

Respectfully submitted,

_____
William H. Murphy, Jr. – Bar No. 07985
billy.murphy@mfmrk.com
Mary McNamara Koch – Bar No. 26591
mary.koch@mfmrk.com
Diana K. Hobbs – Bar No. 18952
diana.hobbs@mfmrk.com
Pamela J. Diedrich – Bar. No. 26555
pam.diedrich@mfmrk.com
Murphy, Falcon & Murphy
One South Street, 23rd Floor
Baltimore, Maryland 21202
Tel: 410-951-8744
Fax: 410-539-6599
*Attorneys for Plaintiffs*

Susan R. Green – Bar No. 10418
sgreen@hardball-law.com
Susan R. Green, P.C.
606 Baltimore Avenue
Suite 400
Towson, MD 21204
Tel: 410-494-7400
Fax: 410-494-4414

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby request that the above-captioned matter be tried before a jury.

_____
Pamela J. Diedrich